17 307<br>d110 483

## PRATT v. DELAVAN *et al.*

1. **Vendor's lien: HOMESTEAD.** In an action to enforce a vendor's lien, the defendants set up as a defense, that the property against which it was sought to enforce the lien was their homestead, but the answer did not clearly allege that it was a homestead when the debt sought to be enforced was created: *Held*, that a demurrer to the answer was properly sustained.

2. **Evidence: HUSBAND AND WIFE.** In an action by a vendor of real estate against the heirs of the vendee to enforce a vendor's lien, the widow of the deceased vendee is a competent witness to show a conversation between her husband and the plaintiff, in relation to the subject matter of the action.

*Appeal from Jones District Court.*

SATURDAY, OCTOBER 22.

THE facts are stated in the opinion of the court.

*Hammond* for the appellant.

*Field* for the appellee.

LOWE, J. — In October, 1857, the plaintiff sold to George E. Delavan, then in life, a small piece of land for $500, two hundred of which was paid in hand, the balance of the purchase-money by note running three years, drawing ten per cent interest. This note was dated the first of November, 1857, at which time a deed of conveyance, as it is alleged, was delivered to the purchaser, bearing date the 8th of October, 1857, and acknowledged on the 27th of the same month; said note remaining unpaid, on the 4th day of September, 1862, this suit, equitable in its nature, was instituted against the legal heirs and representative of said Delavan, deceased, to have established a vendor's lien, and to recover a judgment for the balance due on said note. In their answer, defendants admit the purchase of the land described by the intestate of the plaintiff, but do not deny or admit (for want of knowledge) that the note sued and specified in the petition was given for a part of the purchase-money, nor do they negative the allegation that the note and deed aforesaid, were contemporaneously given and delivered. They also plead an off-set of $37.80, and a homestead exemption against vendor's lien. To this last defense, a demurrer was sustained. The cause was tried by the court after the second method for the trial of equitable causes, and after overruling a motion for a new trial, the court, by its order and decree, recognized and gave effect to the vendor's lien, and allowing the set-off, rendered a judgment against the defendants for $292$\frac{28}{100}$. From the money part of the judgment, no appeal is taken, but only from the order establishing the vendor's lien.

In this attitude of the case, several points are reserved for revision.

*First.* Whether the court did not do wrong in sustaining the demurrer to that clause or count in the answer, setting up a homestead exemption to the vendor's lien. We think not. The allegation that the indebtedness (to secure which the vendor's lien was asked to be enforced) was incurred in the purchase or acquisition of the homestead is not distinctively negatived by the answer; nor does it appear that the homestead right had, as a matter of fact, at the date of the note, attached by occupation. The answer in this respect does not, as it should, contain such a statement of facts as that the court can determine therefrom whether the homestead right existed and was effectual or not. However this may have been, we, nevertheless, would have been quite as well satisfied if the court, in enforcing this lien, had ordered any other property which the defendants may have possessed, to be first exhausted, before the alleged homestead should be taken upon execution. But this point is not suggested as error, nor is the allegation of the petition that the defendants are insolvent, denied, and we therefore do not feel authorized to make any modification in the decree in this particular.

1. VENDOR'S LIEN: homestead.

*Second.* The defendant, Lucretia T. Delavan, was introduced by plaintiff to testify to a conversation had between the plaintiff and her husband while living. Her testimony was confined alone to said conversation, and tended, among other things, to show that the consideration of the note sued was for a part of the purchase-money of said land. The admission of her testimony is now assigned for error. The objection ought not to prevail, because testifying for or against herself and the heirs, after the death of her husband, is manifestly not the same thing as testifying for or against her husband if alive; nor is her evidence inadmissible on the ground of confidential communications between herself and her husband; but her evidence had reference to extrinsic and independent facts,

2. EVIDENCE: husband and wife.

wholly outside of the marital relation, and confined to matters transpiring between her husband and the plaintiff. It therefore does not fall within the purview of the provisions of §§ 3983, 3984 of the Revision.

*Lastly.* It is urged that the court erred in overruling the motion for a new trial. The cause mainly relied upon for support of said motion, was the alleged discovery of new evidence, to the effect that since the trial, the defendants had ascertained that the plaintiff had assigned his claim, and had no legal interest therein; but the showing upon this point revealed the fact, that the assignment aforesaid was made since the commencement of the suit, and that not absolute, but simply as collateral security for the payment of a debt which the plaintiff owed. This fact adequately answers the application on this ground; and the judgment will be

Affirmed.