*No. 4884.

MICHAEL REILLY VS. SUCCESSION OF C. REILLY.

A bill of exceptions was taken to the admission of Mrs. C. Reilly, the testatrix, as a witness, on the ground that by law the husband and wife can not testify for or against each other, this being a suit against the succession of her husband. This objection was properly overruled.

At the decease of the husband the feelings and influences supposed to exist during the conjugal state, tending in their character to render evidence given by one of the spouses to affect the other partial and unreliable, ceased. The policy of the law which forbids during marriage the husband or wife to testify for or against each other also ceased. *Cessante ratione, cessat et ipsa lex.*

APPEAL from the Second District Court, parish of Orleans. *Tissot, J. T. A. Bartlette*, for plaintiff and appellant. *Breaux, Fenner & Hall*, for defendant and appellee.

TALIAFERRO, J. The plaintiff sues the succession of his deceased brother for twelve hundred dollars for labor and services alleged to have been rendered during the life-time of the deceased in superintending his business, which seems to have been that of keeping a stable-yard, supplied with carts, drays, horses, mules, gear, etc., for the purpose of hauling and transportation generally within the line of his calling. The plaintiff alleges that he commenced these services in November, 1868, and continued them until the decease of his brother, and afterward for the benefit of his succession to the month of November, 1872. From the plaintiff's statement in his petition there was no contract between himself and his brother as to the amount he was to be paid for the services he was to render, but that his brother agreed to pay him a reasonable compensation.

Tnis claim of the plaintiff against the succession of his brother is regarded in no favorable light by the widow and executrix of his estate. In her answer she pleads a general denial. She especially denies that plaintiff ever had charge of the business of the deceased, and then declares the truth to be that for a long period, and for a much greater length of time than plaintiff alleges he took care of deceased's business, the deceased supported him, the plaintiff being, during that time and at all times, unable or unwilling to do any thing for his own support, and that during the whole time aforesaid he was living at the premises of respondent's husband on sufferance merely.

The executrix pleaded the prescription of one year under article 3534 of the Civil Code.

The judge *a quo* found the plaintiff had failed to make good his

---

* All the decisions of the Supreme Court for 1876 were delivered on the twenty-sixth of June, 1877, immediately after a contract had been made for their publication with the State, and it is through an error of the contractor who had mislaid some of the manuscript, and not through the fault of the reporter, that the May cases were not published in their regular order.—REP.

demand, rendered judgment against him, and in favor of the defendant. The plaintiff appealed.

A bill of exceptions was taken to the admission of Mrs. Widow Christopher Reilly, the testatrix, as a witness, on the ground that by law the husband and wife can not testify for or against each other, this being a suit against the succession of her husband. · This objection was properly overruled. At the decease of the husband, those feelings and influences supposed to exist during the conjugal state, tending in their character to render evidence given by one of the spouses to affect the other partial and unreliable, ceased. The policy of the law which forbids, during marriage, the husband or wife to testify for or against each other also ceased. · · *Cessante ratione cessat et ipsa lex.*

The testimony abundantly sustains the judgment of the court below. It shows satisfactorily that the plaintiff did not expect to be paid wages by his brother. He never made any demand of him for work done; was present when the other laborers about the yard were paid off by the week, and never received or demanded payment for any thing he did himself. His pretense that he was his brother's superintendent is wholly ignored. He seems to have been addicted to dissipation, going out, as the witnesses have it, "on sprees." On several occasions he absented himself. It was with much difficulty that his brother tolerated him about his house at all. In short, it fully appears that the plaintiff was a kind of pensioner on the bounty of his brother; was unthrifty and not well calculated to take care of himself, and was in a dependent condition upon his brother, who neither needed nor wanted his services.

It is ordered that the judgment appealed from be affirmed with costs.