## PARCELL v. McREYNOLDS ET AL., EX'RS.

1. **Evidence:** EXCLUSION: NO PREJUDICE. The exclusion of evidence offered as a foundation for the introduction of books of account is no ground for complaint, when the books are in fact admitted.

2. **Witness:** COMPETENCY: WIFE OF DECEDENT AGAINST EXECUTOR. Section 3641 of the Code does not prohibit a widow from testifying for the plaintiff in an action upon an account against her husband's executor. The prohibition of that section applies only to actions brought against the husband or wife personally. BECK, J., *dissenting*.

*Appeal from Wapello Circuit Court.*

THURSDAY, JUNE 9.

THE plaintiff, as the assignee of W. A. Jordan & Sons, filed an account in the circuit court sitting as a court of probate, and asked that the same be allowed as a claim against the estate of Solomon McReynolds. The relief asked was refused, and the plaintiff appeals.

*H. B. Hendershott* and *McNett & Tisdale,* for appellant.

*W. W. McCory* and *Stiles & Beaman,* for appellees.

SEEVERS, J.—I. Plaintiff introduced as a witness one of the assignors of the account, who gave evidence tending to 1. EVIDENCE: show that the account books of the assignors exclusion: no prejudice. were correct, and that the charges therein were made at or near the time of the transactions, for the purpose of laying the foundation for the introduction of the books

in evidence. Such books were offered by the plaintiff, to which the defendant objected, but the same were admitted subject to the objection, and whether they were afterwards admitted the abstract fails to state. As the books were admitted, the court did not commit any error of which the appellant can complain. It is true, the court afterwards held that the evidence of such assignor was inadmissible; but this, we infer, was because the witness testified, as the court thought, to certain personal transactions with the deceased, and as to such transactions the evidence of the witness was clearly inadmissible. Code, § 3639.

II. The plaintiff introduced as a witness Eliza McReynolds, who is the widow of Solomon McReynolds, who gave 2. witness: evidence tending to show that the plaintiff was competency: wife of deced- entitled to recover. The defendants objected to ent against executor. this evidence, on the ground that the witness was incompetent to testify under sections 3639, 3641 and 3642 of the Code. The court held that the witness was competent under sections 3639 and 3642, but incompetent under section 3641, and therefore refused to consider such evidence.

It is provided that "every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, both civil and criminal, except as hereafter provided." Code, § 3636. The exceptions afterwards provided are as follows: "Neither husband nor wife shall in any case be a witness against the other, except in criminal cases prosecuted for a crime committed one against the other, or in an action or proceeding one against the other; but they may, in all civil and criminal cases, be witnesses for each other." Code, § 3641. "Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married; nor shall they, after the marriage relation ceases, be permitted to reveal in testimony any such communication made while the marriage relation subsisted." Code, § 3642.

It cannot be doubted that Mrs. McReynolds, under § 3636, was a competent witness, if there was no other statute bearing on that question. Counsel for the appellee do not claim otherwise. Sections 3641 and 3642 must be read and construed together, and the former provides that neither the husband nor wife shall be a witness against the other in a civil case, unless it be brought by one against the other. This section contemplates that the marriage relation exists at the time the husband or wife is offered as a witness. In this case it did not exist, but had been dissolved by death. This action is not against Solomon McReynolds, but against his estate. In such case, section 3641 has no application, and section 3636 is not in any respect limited. Section 3642 provides that neither husband nor wife can as a witness reveal any communication made by one to the other during the exist ence of the marriage relation after such relation has ceased to exist. Now, if section 3641 has the force and effect claimed by the appellee, section 3642 is useless, and has no force whatever. We are therefore of the opinion that the circuit court erred in rejecting the evidence of Mrs. McReynolds. REVERSED.

BECK, J.—(*dissenting.*) The rule of the common law rendering a wife incompetent to testify in a case wherein her husband is a party is repealed by provisions of our Code. But the wife, under section 3641, cannot become a witness in civil cases against the husband. The reasons which support the broader common-law rule doubtless induced the enactment of this statute. Each rule is based upon the ground that the intimate relations and unlimited confidence existing between husband and wife ought not to afford the means of disclosing facts coming to the knowledge of either spouse through such relations and confidence, to the prejudice of the rights and property of the other. And the same reasons exist for keeping each silent, after the death of the other, where the property and rights of the estate of the

deceased are involved in the action. The spirit of the section quoted renders a husband or wife incompetent to testify against the estate of his or her deceased spouse. It was a rule of the common law that a wife could not testify in a suit wherein the executor or administrator of the deceased husband was a party. 1 Greenl. Ev., § 337; 1 Phil. Ev. (Cow. & H. and Edwards' notes,) 78.

I reach the conclusion that the circuit court rightly excluded the evidence of the widow of the testator.