## GAGE *v.* RAILWAY COMPANIES.

### (*Jackson.*   May 1, 1890.)

1. PRACTICE.   *Rejection of material evidence not remedied by offer to admit counsel's statement in lieu.*

    The error of rejecting material evidence on the trial of a civil cause is not cured by the offer of the excepting party, made after the witnesses had left the Court, to withdraw his exception and admit as evidence, in lieu of their testimony, the statement of opposing counsel as to what they would testify.

2. CHARGE OF COURT.   *Erroneous as to burden of proof.*

    An instruction that the plaintiff in a civil cause must satisfy the minds of the jury by "clear and convincing proof" is erroneous, as it, in effect, requires him to make out his case beyond a reasonable doubt.

---

### FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.   L. H. ESTES, J.

MORGAN & MCFARLAND, POSTON & POSTON, MILLER & GILHAM, H. C. WARRINER, W. K. POSTON, TURLEY & WRIGHT, and TAYLOR & CARROLL for Plaintiffs.

HOLMES CUMMINS and GANTT & PATTERSON for Defendants.

TURNEY, Ch. J. These suits arise from the destruction of property belonging to plaintiffs by a fire alleged to have resulted from the emission of sparks from engines of defendants. There were verdicts and judgments for defendants, and plaintiffs appealed.

After the plaintiffs had closed, the defendants introduced proof tending to show that two bales of the cotton in the warehouse had been burnt to some extent. The plaintiffs then offered to introduce witnesses and explain the facts of such burning, the means taken to extinguish the fire, and other circumstances going to show that the fire which had been on said two bales was very slight, and had been wholly extinguished before the cotton reached the warehouse. This evidence was excluded. The evidence was in rebuttal and explanatory of the facts proven by defendants, and should have been admitted.

Before the testimony was closed, defendants withdrew their objection, and offered that the witnesses might be examined. When the objection was sustained the witnesses had been discharged, and had left for their homes in another county. The defendants offered to permit counsel to state what they would prove, which was declined.

This last offer did not cure the error. The parties were entitled to the presence of the witnesses, their manner, language, and demeanor before the jury, and, having had them there for these purposes and offered them at the proper

time, could not afterwards, when in no fault, be deprived of such advantages by an offer to take statements of what they would swear.

The Court charged the jury: "In every lawsuit the plaintiff says, substantially, 'I know the origin and occasion of the loss of which I now complain, and will establish to the full satisfaction of the jury, by clear and convincing proof of witnesses I know of and will introduce, that the defendant, whom I have compelled to come into this Court, is responsible in damages to me for the loss.' This the law calls the burden of proof. Plaintiff having voluntarily agreed to do this, is not entitled to call upon the defendant to respond with any proof until he has first satisfied the jury with clear and convincing proof that the loss or injury of which he complains is clearly chargeable to defendant."

This statement of the rule is entirely too vigorous, and puts upon the plaintiff the duty of making out his case beyond a reasonable doubt, which is only required on the part of the State in criminal prosecutions.

It is sufficient in civil cases, if, after weighing the evidence on both sides, a preponderance is the one way or the other, and reasonably satisfies the minds of the jury to so find. The burden is upon the plaintiff to make out his case, and he is only required to do so by a preponderance; but when he has done so he is entitled to recover. If the

proof leaves the truth in equipoise, the verdict should be for the defendant.

We have carefully examined the entire charge to see if there were any qualifications of the citation. While there are seeming modifications, other parts of the charge go at once to impress the error pointed out, and leave no room to doubt its controlling influence with the jury.

Reverse and remand.