## G. A. WORKS v. J. E. HILL.

Decided January 25, 1908.

**1.—Civil Action—Measure of Proof—Charge.**

Only a preponderance of the evidence is the measure of proof in a civil case; hence a charge which requires the evidence to show "conclusively" a fact in issue, is erroneous.

**2.—Requested Charge—Partly Correct—Practice.**

Where a party to a trial requests a charge consisting of many paragraphs

which are in the main, but not all correct, it is not reversible error for the court to refuse to give the charge in the form requested.

Appeal from the County Court of Armstrong County. Tried below before Hon. R. D. Doak.

*Cooper & Penry,* for appellants.

*J. S. Stallings* and *L. C. Barrett,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The failure of appellee to deliver to appellant at Claude, Texas, seven cars of sacked oats at thirty-two cents per bushel in accordance with a contract made on or about July 5, 1906, was the main ground on which recovery was sought in vain in this case. Appellant also sought to recover the value of one thousand sacks at eleven cents each which he had furnished appellee for use in the shipment of the oats. Appellee denied that he had undertaken to deliver more than five cars of oats and claimed that appellant had first broken the contract and that this excused him from performance on his part. He denied liability for the value of the sacks on the ground that appellant owed him an amount equal thereto on account of breach of a previous contract between them which had resulted in damage to the appellee. It seems, however, that this claim for damages had been liquidated by mutual agreement and fixed at the sum of seventy-five dollars, and that appellee was to have credit for that amount on the sacks furnished him by appellant. But notwithstanding this, appellant drew on him for the full value of the sacks less twenty-five dollars, stating that that was all the credit he could then allow. This was treated by the appellee as a breach of the contract.

In submitting the issues to the jury the court gave the following charge, to which error is assigned: "If the evidence as presented shows conclusively that defendant violated the contract as charged, it will be your duty to allow the plaintiff a sufficient damage to cover his loss, said amount not to exceed the amount sued for." It was clearly not incumbent on appellant to show *conclusively* that appellee had violated the contract, since the preponderance of evidence is the measure of proof in a civil case. It is clear, therefore, that the charge was abstractly erroneous, and we are of opinion that it was also misleading. It may be said that the evidence did conclusively show a breach of contract on appellee's part, but not of the precise contract alleged in appellant's petition, since that called for seven cars of oats, when the contract testified to by the appellee only called for five cars. Besides, in any event appellant was entitled to recover thirty-five dollars, the difference between the value of the sacks and the agreed credit of seventy-five dollars, and this charge doubtless misled the jury, in the absence of any further instruction on the subject, into excluding that item of recovery.

Appellant requested a special charge, consisting of numerous paragraphs, which was in the main correct, but we are not prepared

to say that the court should have given the entire charge, and it was only in this form that the court was requested to give it.

For the reasons above given, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*