(January 4, 1918.)

JOHN W. SEAT and ADDIE M. SEAT, Husband and Wife, Respondents, v. T. L. QUARLES, Sheriff of Kootenai County, Idaho, Respondent, and ELMER N. CARYL, Appellant.

[169 Pac. 1167.]

ESTOPPEL — PLEADING — NECESSITY FOR — SILENCE — WHEN NOT SUFFICIENT.

1. Estoppel *in pais* must be pleaded with certainty in every particular and the facts must be set forth with great particularity and precision, leaving nothing to intendment.

2. Mere silence will not work an estoppel, but the circumstances must be such that there is both a specific opportunity and a real or apparent duty to speak.

3. A waiver, either express, implied or tacit, as to a portion of the security, does not operate to waive the lien upon the remainder of the property.

[As to estoppel *in pais* as question of law or fact, see note in Ann. Cas. 1913A, 1072.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action for an injunction to prevent foreclosure of a chattel mortgage. Judgment for plaintiff *reversed.*

Jas. H. Frazier, for Appellant.

A special defense must be plead. (*Horton v. Ruhling & Co.,* 3 Nev. 498; *Piercy v. Sabin,* 10 Cal. 36, 70 Am. Dec. 692; *Landis v. Morrissey,* 69 Cal. 83, 10 Pac. 258; *Bliss v. Sneath,* 119 Cal. 526, 51 Pac. 848.)

Affirmative matter in avoidance must be specially pleaded. (*Nordholt v. Nordholt,* 87 Cal. 552, 22 Am. St. 268, 26 Pac. 599.)

"A mortgage cannot by parol agreement of the parties be created, renewed or extended so as to take in other property not covered by the mortgage." (*Willows v. Rosenstien,*

5 Ida. 305, 48 Pac. 1067; *Moulton v. Williams*, 6 Ida. 424, 55 Pac. 1019; *Bloch v. Edwards*, 116 Ala. 90, 22 So. 600.)

Lynn W. Culp, for Respondents.

Under sec. 3419, Rev. Codes, a release of personal property covered by mortgage may be done by parol. (*Knollin & Co. v. Jones*, 7 Ida. 466, 63 Pac. 638.)

Such release may be oral, and oral evidence may be given as to the same. (*Mills v. Glennon*, 2 Ida. 105, 6 Pac. 116.)

The mortgagor cannot release nonexempt property covered by his mortgage, thereby making the exempt property included in the mortgage subject to the entire burden of the debt. (26 Cyc. 993.)

BUDGE, C. J.—On the 13th day of January, 1915, respondents executed and delivered to Elmer N. Caryl, appellant, their promissory note for $400 secured by a chattel mortgage. On November 18, 1914, Seat filed his petition in bankruptcy, listing, among other assets, the personal property described in the mortgage and also listing, with his schedule of liabilities, the mortgage. All of the property of the bankrupt came into the possession of the trustee in bankruptcy. In the course of the administration of the bankrupt's estate 89 hogs covered by the mortgage were, by order of the referee, sold by the trustee. Prior to the sale an order was made by the referee in which it is recited, *inter alia*, that the hogs being perishable property, be sold and the proceeds realized therefrom be by the trustee placed "in a special lien account for the express purpose of satisfying all liens against said property." This order was not carried out; Caryl's lien was not discharged out of the proceeds realized from the sale of the hogs, but out of the moneys so received the expenses incident to the administration of the estate were paid. After the foregoing proceedings were had, Caryl's note fell due, whereupon by affidavit and notice under the provisions of Rev. Codes, sec. 3413, as amended by Session Laws 1909, p. 149, he commenced proceedings to foreclose the mortgage. All of the personal property, which had

theretofore not been sold or released, covered by the mortgage was taken by the sheriff of Kootenai county into his possession and advertised for sale. Thereupon respondent brought this action to enjoin Quarles, sheriff of Kootenai county, from selling the property in satisfaction of Caryl's claim. A temporary injunction was issued.

An answer was filed by appellant to respondents' complaint denying each and all of the material allegations thereof and setting up certain affirmative matters. A cross-complaint was also filed setting forth the usual and necessary allegations to entitle appellant to have his mortgage foreclosed in the district court. Addie M. Seat, wife of respondent John W. Seat, who joined with her husband in the execution of the note and mortgage, was by an order of the court made a party defendant. The case was tried by the court without a jury, resulting in a judgment in favor of respondent to the effect that the temporary injunction theretofore issued be made permanent and that appellant be perpetually enjoined from enforcing or attempting to enforce against respondents the payment of his note, or in any manner claiming or asserting a lien against their property. This appeal is from the judgment.

Appellant in his brief relies upon numerous assignments of error which are directed in the main against rulings of the court admitting certain evidence and refusing to strike certain testimony. It will not be necessary to discuss, *seriatim,* the errors assigned.

The trial court found that respondents made, executed and delivered to Caryl their joint promissory note for the sum of $400, bearing interest at the rate of ten per cent per annum, at the date alleged in the complaint, and that to secure the payment thereof, executed and delivered the mortgage; that the same was duly filed with the recorder of Kootenai county. That prior to the due date of said note, and while the mortgage was a valid and subsisting lien against the property described therein and before any part of the note or interest thereon had been paid, Seat filed his petition in bankruptcy and was adjudged a voluntary bank-

rupt. That at the time of filing the petition the hogs covered by the chattel mortgage were of the reasonable value of $900; that the money derived from the sale of the hogs was placed in a special lien account for the 'express purpose of paying off the Caryl mortgage; that Caryl consented to the butchering and selling of the hogs under the order of the referee; that he failed and neglected to claim the money in payment of his note, that the same was expended by an order of the referee in payment of the costs of administration of the bankrupt's estate. · The court further found that before the petition in bankruptcy was filed Caryl had entered into an oral agreement with Seat, in which he agreed to look to the value of the hogs alone in payment of his note and mortgage, and that he advised Seat to file his petition in bankruptcy as the best means of saving his property exempt from execution, including the property described in the mortgage except the hogs, and assured Seat that, in case the petition in bankruptcy was so filed, he would not claim any interest in said exempt property in satisfaction of his mortgage, and that had it not been for the assurance and representations of Caryl, Seat would not have filed his petition in bankruptcy; that the property described in the mortgage, except the hogs, was exempt under the laws of this state. As a conclusion of law the court found that, by reason of the oral agreement made and entered into between Seat and Caryl that the latter would look to the proceeds from the sale of the hogs and to no other property for the payment of his note, and by reason of the bankruptcy proceedings, the sale of the hogs thereunder, the placing of the money in a special lien account for the payment of the mortgage, the fact that the money so placed was more than ample to satisfy the debt, and that Caryl failed and neglected to take any steps to procure the payment of his note and mortgage out of said funds, Caryl should be estopped from foreclosing his mortgage against the property described therein.

That portion of the court's findings wherein it found that before Seat filed his petition in bankruptcy, he entered into an oral agreement with Caryl wherein it was agreed that

the latter would look to the proceeds derived from the sale of the hogs out of which to pay his note and mortgage and to no other property, and particularly the property described in the mortgage, and that he advised Seat to file his petition, etc., is not responsive to the issues raised by the pleadings. There was no such issue tendered in the case. If the respondents had intended to claim that appellant was estopped from asserting his mortgage lien by reason of any conduct or conversation had in reference thereto, this defense should have been specially pleaded, and the facts relied upon as constituting such estoppel should have been alleged with the most careful particularity. The broadly stated rule to which such a pleading must conform is that, "as an estoppel *in pais* may operate to exclude the truth, it should be pleaded with certainty in every particular, and the facts should be set forth with great particularity and precision, leaving nothing to intendment." (10 R. C. L. 844.) It was therefore error to admit evidence touching the alleged agreement between the respondents and appellant that if Seat would go into bankruptcy Caryl would look to the proceeds from the sale of the hogs for the satisfaction of his debt and would release the exempt property from the lien of mortgage, and the findings in this respect are clearly erroneous.

It is urged by respondents that since Caryl consented to the butchering of the hogs, that they be sold and the proceeds placed in a special lien fund to be used for the purpose of discharging the mortgage lien, and although present at the meeting of creditors when the order was made by the referee diverting the fund from its original purpose to pay the expenses of administration, he failed, neglected and refused to object thereto but remained silent, he is now estopped from asserting his claim of lien; that it was incumbent upon Caryl to protest against the distribution of the funds for any other purpose than to discharge the indebtedness under his mortgage, or to take such steps as were necessary to subject the fund to the payment of his indebtedness; that if he had done so the note and mortgage would have been discharged out of the proceeds from the sale of the hogs and the respondents'

exempt property included in the mortgage would have been saved to them.

But Caryl was under no duty to speak, and while his conduct might amount to a waiver of his lien upon the hogs and the proceeds derived from the sale thereof, it could in no sense prejudice his rights with respect to his mortgage lien upon the remainder of the property. While he had an opportunity to speak and to interpose an objection to the diversion of the special lien fund, he was under no duty, either real or apparent, so to do. No authority has been called to our attention and we have found none going to the extent of holding that any duty rests upon the mortgagee to attempt to prevent the carrying out of an order made by a referee affecting a bankrupt's mortgaged property or that his failure so to do would work a forfeiture of his lien upon other property covered by the mortgage. It cannot be said that, merely because a mortgagee has either expressly, impliedly or tacitly waived his security as to a portion of the property covered by his mortgage, there is any implication, either in law or in fact, that he intended thereby to waive his lien upon the remainder of the security. Therefore the neglect of Caryl to raise any objection to the diversion of the fund did not operate as an estoppel against his lien upon the exempt property. "Mere silence will not work an estoppel. . . . . And . . . . it is generally affirmed that in order to work an estoppel the silence must be under such circumstances that there are both a specific opportunity, and a real or apparent duty, to speak." (10 R. C. L. 692.)

The finding of the trial court, as a conclusion of law, that Caryl is estopped from foreclosing his mortgage is erroneous. It therefore follows that the temporary injunction should have been dissolved and Caryl should have been allowed to proceed with the foreclosure of his mortgage. The judgment is reversed and the cause is remanded to the trial court, with instructions to cause further proceedings to be had in accordance with the views herein expressed. Costs are awarded to appellant against respondent John W. Seat.

Morgan and Rice, JJ., concur.