(August 6, 1925.)

ELMER HESS, Respondent, v. LILLIE B. HESS, Appellant.

[239 Pac. 956.]

CONVERSION—PLEADING—EXCESSIVE VERDICT.

　　1.　One cannot be held for the conversion of property received under a valid decree of distribution of the probate court.

　　2.　A judgment in conversion of $8,000, based on a verdict for that sum, is excessive where it appears from the evidence that not more than $5,000 was converted.

　　3.　That a complaint does not state a cause of action may be raised for the first time in the supreme court.

　　4.　Where the question is raised for the first time in the supreme court, a complaint will be held sufficient unless it fails under any view to state a cause of action.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action in conversion. Judgment for plaintiff. *Reversed.*

Ira W. Kenward, Norris & Sutton, and Martin & Martin, for Appellant.

In an action to enforce the conveyance of real property under an oral agreement for the purchase thereof the complaint must state the making of the contract and the exact terms thereof, and that not only has the purchaser fulfilled the terms of the agreement to be performed by him, but that the seller has recognized the contract and has performed to the extent of putting the purchaser in the complete and exclusive possession of the property. (C. S., sec. 7676, subd. 5; *Swash v. Sharpstein,* 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796; *Purcell v. Miner,* 4 Wall. (U. S.) 513, 18 L. ed. 435; *Lynn v. Martin,* 166 Ark. 296, 265 S. W. 948; *Trimble v. Donahey,* 96 Wash. 677, 165 Pac. 1051; *Young v. Crawford,* 82 Ark. 33, 100 S. W. 87; *Rugen v. Vaughn,* 142 Ark. 176, 218 S. W. 205; *Kelly v. Kelly*

(Iowa), 130 N. W. 380; *Cook v. Cook*, 24 S. D. 223, 123 N. W. 693; *Oylear v. Oylear*, 35 Ida. 732, 208 Pac. 857; *Allen v. Kitchen*, 16 Ida. 133, 18 Ann. Cas. 914, 100 Pac. 1052, L. R. A. 1917A, 563; *Dull v. Dull* (Va.), 125 S. E. 142; *Dunbar v. Dunbar*, 254 Ill. 281, 98 N. E. 563.)

Courts do not permit the full measure of proof required in a case of this character to be met by the plaintiff by a preponderance of the evidence, but will require the plaintiff to establish his case by evidence so clear, satisfactory and convincing that there can be no well-founded doubt in the mind of the court as to the existence of the contract and all its terms. (*Rice v. Rigley*, 7 Ida. 115, 61 Pac. 290; *Deeds v. Stephens*, 10 Ida. 332, 79 Pac. 77; *Bedal v. Johnson*, 37 Ida. 359, 218 Pac. 641; *Price v. Lloyd*, 31 Utah, 86, 86 Pac. 767, 8 L. R. A., N. S., 870.)

In view of the statutes of Idaho forbidding a husband to be a witness either for or against his wife, without her consent, statements made by him to third parties cannot be introduced in evidence in an action against his wife after the husband's death, without her consent. This is a rule of law and not a mere rule of evidence. (C. S., sec. 7937, subd. 1; *Watkins v. Lord*, 31 Ida. 352, 171 Pac. 1133; *Humphrey v. Pope*, 1 Cal. App. 374, 82 Pac. 223; *Huot v. Wise*, 27 Minn. 68, 6 N. W. 425; *Larkin v. Baty*, 111 Ala. 303, 18 So. 666.)

J. B. Eldridge and Morgan & Smith, for Respondent.

A complaint which alleges that plaintiff is the owner of and entitled to the possession of the property therein described and that defendant wrongfully converted the same to his own use to plaintiff's damage in the sum named states all that is necessary to sustain an action for conversion. (38 Cyc. 2065; *Crews v. Baird*, 2 Ida. 94, 103, 6 Pac. 116.)

"Where a person has or accepts possession of money, . . . . with the express or implied understanding that he is not to hold it as his own absolute property, but is to hold and apply it for certain specified purposes, or for the

benefit of certain specified persons, a valid and enforceable express trust exists.'' (39 Cyc. 70.)

Declarations of a deceased person are admissible against him or those who hold under him. (*Cunningham v. Stoner,* 10 Ida. 549, 79 Pac. 228.)

WM. E. LEE, J.—Moses Hess, deceased, resided in Oregon before coming to Idaho in 1903. He was married and the plaintiff and respondent, Elmer Hess, is his son. The mother of Elmer Hess died, and Moses Hess before coming to Idaho, married defendant and appellant, Lillie B. Hess, then Mrs. Miller, a widow. At the time of the marriage of Moses Hess and appellant, Moses Hess owned certain real and personal property and appellant owned certain real and personal property. After this marriage, Moses Hess took title to additional real property, payment for which was made from the separate funds of himself and appellant. They sold all the property owned by each of them as well as that jointly owned, except a small amount of personal property, moved to this state and, in 1903, purchased a farm in the Payette Valley a few miles below Emmett. Title to the land stood in the name of Moses Hess. Respondent accompanied them to this state, and he alleges and testifies that shortly thereafter he made and entered into an oral agreement with his father that he would rent the land and pay therefor one-half the crop produced and that he would level the land, construct ditches thereon and otherwise improve it in consideration of which his father agreed that he would give him half of the land or half of the proceeds thereof if it were sold; and in pursuance of the agreement respondent continued to reside on the land until it was sold in 1920. Moses Hess then bought a home in Emmett, in which he resided until it was disposed of and purchased another home in which he resided until his death. Title to the last two places stood in the name of appellant. The farm was sold for $16,000; $7,000 was paid in money; $5,000 was paid in notes secured by a mortgage on other property, referred to as the Lyon notes, and a note for $4,000, secured

by a mortgage on the farm sold, represented the balance. Moses Hess died March 13, 1922. In the probate proceedings to administer his estate, the inventory showed real and personal property of the appraised value of $9,800, in which the Lyon notes were included, all of which was distributed to appellant, the surviving widow. Respondent, either during the administration or soon thereafter, commenced his action against appellant alleging that she had converted his one-half of the receipts from the sale of the farm. The cause was tried to the court and jury. Respondent obtained a verdict for $8,000, on which judgment was made and entered. A motion for a new trial was made and denied, and this appeal is from the judgment and the order denying the motion for a new trial.

It is the position of respondent that the contract between Moses Hess and himself was one in which Moses Hess employed him and agreed to pay him one-half the farm or one-half of its proceeds if sold; that the contract was fully performed by each, and that Moses Hess recognized the ownership of respondent in and to $8,000 and agreed to keep such sum until a satisfactory opportunity arose to invest it in a home for him, and that the money which Moses Hess had held in trust for respondent came into appellant's hands and was converted by her. Appellant assigns a number of reasons which she insists demand a reversal of the judgment and a new trial.

All the property that it may be said Moses Hess owned or had in his possession at the time of his death, with the exception of $5,000 on deposit in the Bank of Emmett represented by certificates of deposit, was inventoried as belonging to the estate of Moses Hess, and was decreed to appellant. The court instructed the jury that appellant could not be held to have converted any property distributed to her by the probate court. No objection or exception was taken to this instruction, and it is the law of the case on this appeal. At the time of his death and for some time prior thereto, Moses Hess had deposits in the Bank of Emmett, one of which was subject to check and the other

represented by certificates of deposit. All the deposits in the bank were in the name of Moses Hess, although it seems that an arrangement existed whereby appellant could check out money on the checking account by signing her husband's and her own name. Appellant did not list the certificates of deposit, or the $5,000 represented by them, as belonging to the estate of Moses Hess. This $5,000 is the only money or property, shown by the evidence, to have been held by Moses Hess when he died, not included in the inventory of his estate and that could have been converted by appellant, and there is considerable testimony that it had been given to appellant prior to Moses Hess' death. However, since appellant could not have converted more than $5,000, it follows that there was no evidence to sustain a verdict for $8,000. For this reason, the judgment must be reversed.

The record does not disclose any demurrer to the complaint, but it is argued that the complaint does not state facts sufficient to constitute a cause of action. That a complaint does not state a cause of action may be raised for the first time in this court. (C. S., sec. 6693.) Our examination of the complaint has not convinced us that it does not state a cause of action, under the rule stated in *Jenness v. Co-operative Publishing Co.*, 36 Ida. 697, 213 Pac. 351, and the cases there cited.

A number of alleged errors have been assigned which it would ordinarily, in remanding a cause for a new trial, be the duty of this court to determine. These alleged errors, however, or most of them, were not brought to the attention of the learned trial judge and he was not thereby given a fair opportunity to rule on them. Counsel who argued the cause for appellant have been retained since the trial. In view of these facts, and of the likelihood that the question which we do not pass on may not arise on a new trial, we have concluded that we will not determine them.

Judgment reversed. Costs to appellant.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

*ρ*

(October 8, 1925.)

ON PETITION FOR REHEARING.

HUSBAND AND WIFE — EVIDENCE — DECLARATIONS AGAINST SURVIVING SPOUSE — ADMISSIBILITY—TRIAL—CIVIL ACTION—INSTRUCTIONS TO JURY—DEGREE OF PROOF.

1.   Testimony of declarations of a deceased husband is admissible against the surviving wife without her consent, except as to privileged communications.

2.   In a civil action, it is not proper for the court to instruct the jury that a party need prove his case by any more than a preponderance of the evidence.

TAYLOR, J.—A petition for rehearing has been filed herein.   The original opinion reversing the case was based chiefly upon the fact that the verdict of $8,000 was excessive under the evidence.   It also determined the sufficiency of the complaint, and, in view of a new trial, dismissed from consideration a number of alleged errors on the theory that most of them were not brought to the attention of the trial judge, and the likelihood that those questions would not arise again.   Respondent also urges that the evidence being sufficient to sustain a judgment for $5,000, it should be affirmed in that amount and the balance remitted.   On further consideration, we have concluded that some of the errors assigned, which it appears might occur on a new trial, should be disposed of.

Appellant's chief assignments of error, other than those disposed of in the original opinion, are: (1) error in instructions given; and (2) error in the admission of evidence of declarations of Moses Hess, the deceased husband of appellant.

On the trial, the court permitted witnesses to testify, over objection, to conversations had with, and declarations made by, Moses Hess, appellant's deceased husband.   There were some nine of these witnesses.   No objection was made to

the testimony of the first seven.  Appellant now contends that this testimony was immaterial, irrelevant and hearsay, and that it was not admissible on the further ground that it was incompetent.  No objection was made to the testimony of any of these conversations, except that the deceased husband would have been an incompetent witness without the consent of the appellant, and that thus all declarations by him were incompetent without her consent.  It may be conceded that, under C. S., sec. 7937, subd. 1, Moses Hess, if alive and still the husband of appellant, would not have been permitted to testify without her consent, nor would his declarations during the marriage relation be admissible without her consent.  All of the ancient reasons for the exclusion of the testimony of a husband or wife, whether well founded or not, are merged in the statutory declaration as to such incompetency.  These various reasons are treated of by Wigmore in his work on Evidence, and some of them refuted.  There can be, however, no appeal to the reasons for the rule established by the statute which would extend its operation beyond the terms of the statute, nor do any such reasons appear.  While there are authorities to the contrary, the better rule is as stated by Wigmore in his treatise on Evidence, 2d ed., vol. 4, sec. 2237, pp. 774–776:

"There is no privilege, then, which prevents the surviving spouse from testifying, after the *death* of the other, in disparagement of the conduct or the property of the deceased; nor is it material that the testimony relates to matters which occurred during the marriage. . . . .

"So, too, after *divorce,* there is no privilege to withhold the testimony of either . . . . "

There is this qualification to the above rule, that even then, confidential communications are still privileged under our statute.  The application of the rule is clarified by the further statement by Dean Wigmore that—

"A *deponent's* qualifications should be determined at the *time* of the deposition's taking, not of the deposition's offer in evidence.  But a privilege should be determined at the

*time of its claim* . . . . '' (Wigmore on Evidence, 2d ed., vol. 4, sec. 2237, p. 776.)

He supports this with citation of authority to the effect that—

" . . . . If a husband's deposition is taken at a time when the wife could be privileged to exclude it, nevertheless the privilege becomes unavailable if, by death or divorce intervening before offer of the deposition, the privilege has ceased at the time of the offer.'' (Id.)

The case cited of *Howard v. Strode,* 242 Mo. 210, Ann. Cas. 1913C, 1057, 146 S. W. 792, supports this rule. Other cases announcing and supporting the rule making competent the testimony of a survivor for or against the estate or interest of a deceased husband or wife, are: *Graves v. Graves,* 70 Ark. 541, 69 S. W. 544; *Parcell v. McReynolds,* 71 Iowa, 623, 33 N. W. 139; *Pratt v. Delavan,* 17 Iowa, 307; *Stanton v. Willson,* 3 Day (Conn.), 37, 3 Am. Dec. 255; *Reilly v. Succession of Reilly,* 28 La. Ann. 669; *Cannon v. Moore,* 17 Mo. App. 92; *Hay v. Hay,* 3 Rich. Eq. (S. C.) 384. The evidence of declarations of appellant's deceased husband was properly admitted over the only objection made to it, that the evidence was incompetent as a declaration of the deceased husband of appellant offered in evidence without her consent.

Appellant complains of instructions to the jury upon the question of the estoppel of appellant to assert title to or ownership of the lands involved, or the proceeds alleged to have been converted. It might be sufficient to say that estoppel must be pleaded in order to be relied upon (*Seat v. Quarles,* 31 Ida. 212, 169 Pac. 1167; *Leland v. Isenbeck,* 1 Ida. 469), and that there was no plea on behalf of the respondent of any estoppel.

The instructions given are subject to another weakness: that they do not properly set forth the elements of an estoppel in a case such as this. This court has held that properly to allege an estoppel, the pleader must set forth the facts constituting the estoppel with particularity and precision, leaving nothing to intendment. (*Seat v. Quarles, supra.*) Even granting that the question might be submitted

to the jury without having been pleaded, the instructions should have embraced correct statements of the law relating thereto, and the elements of estoppel, which must be found by the jury to exist before they could find the appellant estopped. This is not accomplished by the instructions given under the facts of this case.

Appellant complains of the instructions of the court permitting the jury to find a verdict upon the preponderance of the evidence, insisting that the jury should have been instructed that they could not render a verdict for the respondent unless he had established the making of his contract, the terms of the contract, and the performance thereof, all "by clear and convincing evidence of such a conclusive and satisfactory nature as to leave no well-founded doubt in the minds of the jury in regard thereto." This rule of law has been laid down by this court in the matter of the establishment of trusts and other similar causes of action, where the case is tried before the court. Had the determination of the establishment and existence of a trust been assumed by, or left to the determination of, the court, it would have been guided by this rule. However, it is not proper for the court to instruct the jury that a party need prove his case by any more than a preponderance of the evidence. Many decisions construing instructions involving stronger terms, such as, to the full satisfaction of the jury, by clear and convincing proof (*Gage v. Louisville, N. O. & T. R. Co.,* 88 Tenn. 724, 14 S. W. 73), conclusively (*Works v. Hill,* 48 Tex. Civ. 631, 107 S. W. 581), clear and convincing (*Western Assur. Co. v. Hillyer-Deutsch-Jarratt Co.* (Tex. Civ.), 167 S. W. 816), clear and strong, and leave no doubt in the minds of the jury (*Long v. Martin,* 152 Mo. 668, 54 S. W. 473), to a moral certainty and by a preponderance (*Galloway v. United Railroads of San Francisco,* 51 Cal. App. 575, 197 Pac. 663), and the like, have held to the rule that such instructions require more than the necessary proof, and are improper. (See, also, 1 Randall's Instructions to Juries, secs. 247 and 248, and cases cited.)

The court erred in permitting the witness Mattie Hess to testify to the condition of respondent's health. This, of itself, was not sufficient error to justify a reversal.

We are of the opinion that the errors committed may have so far contributed to the verdict that it would be improper to affirm the judgment in a lesser sum than $8,000. Rehearing denied.

Wm. E. Lee and Givens, JJ., concur.

William A. Lee, C. J., and Budge, J., concur in the conclusion reached.

Petition for rehearing denied.