A petition for rehearing has been filed herein. The original opinion reversing the case was based chiefly upon the fact that the verdict of $8,000 was excessive under the evidence. It also determined the sufficiency of the complaint, and, in view of a new trial, dismissed from consideration a number of alleged errors on the theory that most of them were not brought to the attention of the trial judge, and the likelihood that those questions would not arise again. Respondent also urges that the evidence being sufficient to sustain a judgment for $5,000, it should be affirmed in that amount and the balance remitted. On further consideration, we have concluded that some of the errors assigned, which it appears might occur on a new trial, should be disposed of.
Appellant's chief assignments of error, other than those disposed of in the original opinion, are: (1) error in instructions given; and (2) error in the admission of evidence of declarations of Moses Hess, the deceased husband of appellant.
On the trial, the court permitted witnesses to testify, over objection, to conversations had with, and declarations made by, Moses Hess, appellant's deceased husband. There were some nine of these witnesses. No objection was made to *Page 365 
the testimony of the first seven. Appellant now contends that this testimony was immaterial, irrelevant and hearsay, and that it was not admissible on the further ground that it was incompetent. No objection was made to the testimony of any of these conversations, except that the deceased husband would have been an incompetent witness without the consent of the appellant, and that thus all declarations by him were incompetent without her consent. It may be conceded that, under C. S., sec. 7937, subd. 1, Moses Hess, if alive and still the husband of appellant, would not have been permitted to testify without her consent, nor would his declarations during the marriage relation be admissible without her consent. All of the ancient reasons for the exclusion of the testimony of a husband or wife, whether well founded or not, are merged in the statutory declaration as to such incompetency. These various reasons are treated of by Wigmore in his work on Evidence, and some of them refuted. There can be, however, no appeal to the reasons for the rule established by the statute which would extend its operation beyond the terms of the statute, nor do any such reasons appear. While there are authorities to the contrary, the better rule is as stated by Wigmore in his treatise on Evidence, 2d ed., vol. 4, sec. 2237, pp. 774-776:
"There is no privilege, then, which prevents the surviving spouse from testifying, after the death of the other, in disparagement of the conduct or the property of the deceased; nor is it material that the testimony relates to matters which occurred during the marriage. . . . .
"So, too, after divorce, there is no privilege to withhold the testimony of either. . . ."
There is this qualification to the above rule, that even then, confidential communications are still privileged under our statute. The application of the rule is clarified by the further statement by Dean Wigmore that —
"A deponent's qualifications should be determined at the time
of the deposition's taking, not of the deposition's offer in evidence. But a privilege should be determined at the *Page 366 time of its claim. . . ." (Wigmore on Evidence, 2d ed., vol. 4, sec. 2237, p. 776.)
He supports this with citation of authority to the effect that —
". . . . If a husband's deposition is taken at a time when the wife could be privileged to exclude it, nevertheless the privilege becomes unavailable if, by death or divorce intervening before offer of the deposition, the privilege has ceased at the time of the offer." (Id.)
The case cited of Howard v. Strode, 242 Mo. 210, Ann. Cas. 1913C, 1057, 146 S.W. 792, supports this rule. Other cases announcing and supporting the rule making competent the testimony of a survivor for or against the estate or interest of a deceased husband or wife, are: Graves v. Graves,70 Ark. 541, 69 S.W. 544; Parcell v. McReynolds, 71 Iowa, 623,33 N.W. 139; Pratt v. Delavan, 17 Iowa, 307; Stanton v. Willson, 3 Day (Conn.), 37, 3 Am. Dec. 255; Reilly v. Succession of Reilly, 28 La. Ann. 669; Cannon v. Moore, 17 Mo. App. 92; Hay v. Hay, 3 Rich. Eq. (S.C.) 384. The evidence of declarations of appellant's deceased husband was properly admitted over the only objection made to it, that the evidence was incompetent as a declaration of the deceased husband of appellant offered in evidence without her consent.
Appellant complains of instructions to the jury upon the question of the estoppel of appellant to assert title to or ownership of the lands involved, or the proceeds alleged to have been converted. It might be sufficient to say that estoppel must be pleaded in order to be relied upon (Seat v.Quarles, 31 Idaho 212, 169 P. 1167; Leland v. Isenbeck, 1 Idaho 469), and that there was no plea on behalf of the respondent of any estoppel.
The instructions given are subject to another weakness: that they do not properly set forth the elements of an estoppel in a case such as this. This court has held that properly to allege an estoppel, the pleader must set forth the facts constituting the estoppel with particularity and precision, leaving nothing to intendment. (Seat v. Quarles, supra.) Even granting that the question might be submitted *Page 367 
to the jury without having been pleaded, the instructions should have embraced correct statements of the law relating thereto, and the elements of estoppel, which must be found by the jury to exist before they could find the appellant estopped. This is not accomplished by the instructions given under the facts of this case.
Appellant complains of the instructions of the court permitting the jury to find a verdict upon the preponderance of the evidence, insisting that the jury should have been instructed that they could not render a verdict for the respondent unless he had established the making of his contract, the terms of the contract, and the performance thereof, all "by clear and convincing evidence of such a conclusive and satisfactory nature as to leave no well-founded doubt in the minds of the jury in regard thereto." This rule of law has been laid down by this court in the matter of the establishment of trusts and other similar causes of action, where the case is tried before the court. Had the determination of the establishment and existence of a trust been assumed by, or left to the determination of, the court, it would have been guided by this rule. However, it is not proper for the court to instruct the jury that a party need prove his case by any more than a preponderance of the evidence. Many decisions construing instructions involving stronger terms, such as, to the full satisfaction of the jury, by clear and convincing proof (Gage v. Louisville, N. O. T. R. Co., 88 Tenn. 724,14 S.W. 73), conclusively (Works v. Hill, 48 Tex. Civ. 631,107 S.W. 581), clear and convincing (Western Assur. Co. v.Hillyer-Deutsch-Jarratt Co. (Tex. Civ.), 167 S.W. 816), clear and strong, and leave no doubt in the minds of the jury (Longv. Martin, 152 Mo. 668, 54 S.W. 473), to a moral certainty and by a preponderance (Galloway v. United Railroads of SanFrancisco, 51 Cal.App. 575, 197 P. 663), and the like, have held to the rule that such instructions require more than the necessary proof, and are improper. (See, also, 1 Randall's Instructions to Juries, secs. 247 and 248, and cases cited.) *Page 368 
The court erred in permitting the witness Mattie Hess to testify to the condition of respondent's health. This, of itself, was not sufficient error to justify a reversal.
We are of the opinion that the errors committed may have so far contributed to the verdict that it would be improper to affirm the judgment in a lesser sum than $8,000. Rehearing denied.
Wm. E. Lee and Givens, JJ., concur.
William A. Lee, C.J., and Budge, J., concur in the conclusion reached.
Petition for rehearing denied.