PIERCE *v.* PIERCE.

(*Knoxville*, September Term, 1938.)

Opinion filed May 8, 1939.

J. Gordon McKenzie and Geo. H. West, both of Dayton, for plaintiff in error.

Swafford & Woodlee, of Dayton, and Ralph Tedder, of Rockwood, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This is a contest of the will of T. W. Pierce. The jury found the testator was of unsound mind at the date of the execution of the will, in September, 1936, and the trial Judge, on overruling a motion for a new trial, approved the verdict. The Court of Appeals affirmed. Seeking a review in this Court, the Executor presents his petition for *certiorari*.

The contentions made on appeal and renewed by petition here relate, (1) to the refusal of the trial Judge to direct a verdict in favor of the will, (2) to his admission of testimony of lay witnesses expressing opinions, and (3) to his failure to charge a request that the alleged insanity must be established by the "clearest and most satisfactory proof."

The Court of Appeals reviews the evidence and reaches the conclusion that there is material evidence to sustain the finding of the jury.

The proponent and contestant are two brothers, only sons of the testator, who left, also, a widow. The proof shows that they were held in equal affection and esteem by the testator. The contestant is a confirmed and permanently afflicted invalid, and the disposition of the estate made by the will appears to have been unequally made. Mr. Pierce was an old resident of Rhea County, dying in his seventies, and he had accumulated an estate of perhaps $35,000, largely in real estate and yielding a rental of approximately $250 a month. In the early part of the year in which he died, he was suffering from myocarditis with edema of the brain. He appears to have been intermittently better later in the year, but finally died in September. There is much conflict in the evidence as to his mental condition. We think the facts presented a case for the jury, as held by the Court of Appeals.

██ We also concur with the Court of Appeals in holding admissible the testimony of lay witnesses complained of, in which they express the opinion that the testator was of unsound mind, since, contrary to the contention of petitioner, we find, as did the Court of Appeals, that these witnesses narrated circumstances of fact which laid the foundation, as required by the rule, for their expression of opinion. It is only when such opinions are not based on the facts or circumstances testified to, that they are to be rejected as evidence. *Puryear* v. *Reese,* 46 Tenn. (6 Cold.), 21, 26.

The charge requested reads as follows:

"The question of sanity is peculiarly a question of fact for the jury, and a party seeking to impeach the validity of a will for a supposed want of sanity on the part of the testator must establish the fact of insanity by the clearest and most satisfactory proof."

The opinion of the Court of Appeals thus discusses and disposes of this request:

"The trial Judge charged the jury that the law presumed that the testator was of sound mind when the will was executed; that all reasonable inferences must be drawn favorable to the will; and that the burden of proof was upon contestant to establish the insanity of the testator by a preponderance of the evidence.

"The question of the degree and character of proof necessary to establish insanity upon an issue of *devisavit vel non* appears not to have been directly determined by any reported case in this State. The rule that the clearest and most satisfactory proof will be required was mentioned in the cases of *Gass' Heirs* v. *Gass' Executors*, 22 Tenn. (3 Humph.), 278, 282, and *Hager* v. *Hager,* 13 Tenn. App., 23, 34, but in the latter case the court appears to have assumed that it was only necessary to prove the fact of insanity by a preponderance of the evidence. The same assumption appears to run through the cases of *Puryear et al.* v. *Reese et al.,* 46 Tenn. (6 Cold.), 21, 22; *Porter* v. *Campbell,* 66 Tenn. (2 Baxt.), 81, 82; *Key* v. *Holloway,* 66 Tenn. (7 Baxt.), 575, 577, and *Bartee et al.* v. *Thompson Ex'r,* 67 Tenn. (8 Baxt.), 508. Authorities elsewhere are in conflict upon the question. See 68 C. J., 470.

"In any event, it is clearly shown that in February, 1936, deceased was suffering from chronic myocarditis with edema of the brain and because of this chronic condition did not have sufficient mental capacity to execute a will. Proponents apparently make no effort to disprove this fact but insist that he had sufficiently recovered and that he was capable of executing a will. The fact of incapacity having been once established the pre-

sumption is that a state of insanity continued and the burden of proof was upon proponents to overcome the presumption. For this reason we think the rule embodied in the special request, if it be conceded to be the correct rule in this State, would not have application or, at least, could not properly have been charged without also charging in the same connection the presumption of a continuation of a state of insanity and the burden resting upon proponents to overcome this presumption. The trial judge will not be reversed for refusal to charge a special request not strictly accurate and proper.''

We concur with the conclusion reached by the Court of Appeals, but because, as suggested, we appear not to have any reported case squarely passing upon the question of whether or not it is necessary, upon trial of a will contest, where the determinative issue is the soundness of mind of the testator at the time of the execution of the will, that the trial Judge shall not only charge the jury that they must determine the issue according to the preponderance of the evidence, but that they must go further and find that the issue is established ''by the clearest and most satisfactory proof'' we file this opinion.

The trial Judge had clearly charged the jury, not only that the burden was on the contestant to establish the contention that the testator was of unsound mind at the time he made the will by a preponderance of the proof, but, also, that the contestant must overturn two presumptions, one, that ''a will is valid when made and shown to be properly executed,'' and, two, ''that a person is of sound mind when he makes a will. In other words, a person is presumed to be of sound mind when he makes a will.'' Having so charged, we are not of opin-

ion that it was necessary that the trial Judge should go further and charge that the fact of insanity must be established "by the clearest and most satisfactory proof."

It is true that in *Gass' Heirs* v. *Gass' Executors*, 22 Tenn. (3 Humph.), 278, 282, and again in *Porter* v. *Campbell*, 61 Tenn. (2 Baxt.), 81, in the course of the opinions, the qualifying expression embodied in the request under consideration appears, but in neither case was it declared or suggested that it was the duty of the trial Judge to so charge the jury.

The judgment in the *Gass Case* in favor of the will was reversed because of the admission of testimony held by this Court to have been incompetent. The contest of the will was on the ground of the alleged insanity of the testator. Errors assigned to the charge were considered at length and overruled, but none of these related to the charge of the Court on the *quantum* of the evidence. Before proceeding to a discussion of the points of law presented, the Court stated, without detailing the testimony, that much testimony had been introduced on both sides on this question, which it was unnecessary to examine, and then said that, "The question of sanity is peculiarly a question of fact for the decision of a jury," and, in this connection, the Court added that, "a party seeking to impeach the validity of a will for a supposed want of it on the part of the testator, must establish the fact of the insanity, by the clearest and most satisfactory proof." The Court then announced that, "the verdict is in conformity with the weight of testimony, and the only question for our consideration is, whether the law upon the various points involved in the discussion was properly expounded by the court." It seems, therefore, that de-

spite the use of the phrase "clearest and most satisfactory proof," the Court approved the verdict when found to be according to the "weight," or preponderance, "of the testimony."

The question before the Court in *Porter* v. *Campbell, supra,* was as to the right to open and close the case and it was incidental to the question of upon which side rested the burden of proof that quotation was made from the *Gass' Heirs* opinion of the phrase herein being considered.

Certainly, neither of these cases are controlling authority for the insistence that the trial Judge must not only charge the jury that the burden of proof is on the contestant to establish the alleged unsoundness of mind by a preponderance of proof, and must overturn the presumptions (1) that a will is valid when shown to be properly executed and (2) that the maker was of sound mind, but go further and instruct the jury that the contestant must make out his case by "the clearest and most satisfactory proof."

Whatever support may have been indicated by the use in these earlier will contest cases of the qualifying phrase "clear and satisfactory" evidence or proof, the opinion of Mr. Justice CALDWELL, in *McBee* v. *Bowman,* 89 Tenn., 132, 14 S. W., 481, 483, appears to have definitely settled that, on the trial of an issue of *devisavit vel non,* the preponderance of evidence rule applies. The will in that case was contested as a forgery, and the trial Judge, taking the view that the contest on this ground involved an imputation of a crime, charged the jury, that while the same "strictness of proof" was not required as on a prosecution for crime, and that the fact could be established, as in any other civil case, by a pre-

ponderance of the testimony, concluded in these words: "A jury, before passing upon an act considered as forgery, should do so with the full knowledge of the nature of the crime imputed and of all the facts surrounding it. It should appear with reasonable certainty that such is the case." Commenting thereon, Mr. Justice CALDWELL says:

"The instruction is manifestly erroneous. Reasonable certainty implies the absence of reasonable doubt. Telling a jury that they must be convinced of a fact with reasonable certainty is almost, if not quite, the same as telling them that they must be convinced of it beyond a reasonable doubt.

"The distinction between criminal and civil cases, in respect to the degree or quantity of evidence necessary to justify a verdict for the plaintiff, is well settled. In civil cases a preponderance is all that is required, but in criminal cases the guilt of the accused must be shown beyond a reasonable doubt. 1 Greenl. Ev., section 13a; 3 Greenl. Ev., section 29; 2 Whart. Ev., section 1245; *Chapman* v. *McAdams*, 69 Tenn. (1 Lea), 500; *Hills* v. *Goodyear*, 72 Tenn. (4 Lea), [233], 236, [40 Am. Rep., 5]; *Gage* v. *Louisville, N. O. & T. Ry. Co.*, 88 Tenn. (4 Pickle), 724, 726, 14 S. W., 73. . . .

"The learned special judge who tried the present case in the court below recognized the general distinction mentioned, but he seems to have regarded this case as one furnishing an exception to the general rule in civil cases, because the issue involved a charge of moral dereliction. In treating this as an unexceptional case, and giving the exceptional instruction, he was within the authority of *Hills* v. *Goodyear*, 72 Tenn. (4 Lea), [233], 236, [40 Am. Rep., 5], where this court declined to reverse on ac-

count of a charge in which the trial judge told the jury 'that, inasmuch as the facts set up as a defense involved serious charges of moral dereliction on the part of plaintiff, they must be established clearly, and to the entire satisfaction of the jury.' Naturally and properly the learned counsel for appellees now cite and rely on that case to sustain the instruction of the court in this one, as it does; but, believing the decision on that particular point to be without support in authority, and unsound in principle, we are constrained to overrule it, and adhere to the old and familiar rule already announced. This case presents no ground for an exception to that rule.''

The opinion proceeds to discuss further *Hills* v. *Goodyear*, 72 Tenn. (4 Lea.), 233, 236, 40 Am. Rep., 5, which had been followed by the trial Judge, and in which the Court had approved a charge in a civil case involving serious charges of moral dereliction that, ''they must be established clearly, and to the entire satisfaction of the jury.'' Concluding the opinion in the *McBee Case*, the Court said:

''One exception to the general rule was recognized by this Court in the case of *Coulter* v. *Stuart*, 9 Tenn. (2 Yerg.), [225], 226, as early as 1828. In that case it was decided, on good authority, that a plea justifying a charge of perjury in a civil action for slander must be sustained by the same quantum of proof as would be required to convict in a criminal prosecution.

''We do not deny the soundness of that holding; that question is not before us. This case does not fall within that exception. We do not think another exception should be made, or that the one already established should be extended to embrace a case like this one. Hence, the

recent case of *Hills* v. *Goodyear*, 72 Tenn. (4 Lea), [233], 236, [4 Am. Rep., 5], is disapproved.''

In the case of *Gage* v. *Louisville, N. O. & T. Ry. Co.*, 88 Tenn., 724, 14 S. W., 73, 74, referred to in the foregoing quotation from *McBee* v. *Bowman,* the trial Judge had told the jury that plaintiff must satisfy the jury ''with clear and convincing proof,'' etc. Speaking for the Court, TURNEY, C. J., said:

''This statement of the rule is entirely too vigorous, and puts upon the plaintiff the duty of making out his case beyond a reasonable doubt, which is only required on the part of the State in criminal prosecutions.

''It is sufficient in civil cases if, after weighing the evidence on both sides, a preponderance is the one way or the other, and reasonably satisfies the minds of the jury to so find. The burden is upon the plaintiff to make out his case, and he is only required to do so by a preponderance; but, when he has done so, he is entitled to recover. If the proof leaves the truth in equipoise, the verdict should be for the defendant.''

This was not a will case, but it will be observed that the rule there stated is approved and applied in *McBee* v. *Bowman,* which was a will contest.

Justification for an exception in cases where the contest is based on a charge of insanity is sought to be found in the gravity of the imputation. But this is equally true of the crime of forgery, and what is said in *McBee* v. *Bowman, supra,* therefore applies in principle and with equal force to the charge of mental incapacity. Recognition and application of exceptions to the fixed rules governing the proof required in civil and criminal cases, respectively, would give rise to great confusion. While we have no reported case directly on this point, where

the contest was on the specific ground of unsound mind, as said by the Court of Appeals, it appears to have been "assumed" that the preponderance rule applies, (see *Puryear* v. *Reese,* and other cases cited in our quotation from the Court of Appeals opinion), and it is common knowledge that it has been the practice in our Courts to follow the preponderance of evidence rule.

The opinion in *Puryear* v. *Reese, supra,* is a comprehensive discussion of the rules of evidence and procedure in *devisavit vel non* cases, and it is significant that no suggestion is made that the Court should go further in its charge than to submit the case to the jury for decision according to the preponderance of the evidence. Touching burden of proof, the rule is thus stated: "The general burden of the issue of *devisavit vel non,* is upon the party claiming under the Will; but, upon any allegation of want of capacity in a testator, it is upon the contestant." If the burden on the contestant requires him not only to establish this mental incapacity by the greater weight or preponderance of the proof, but to go further and establish such incapacity by the clearest and most satisfactory proofs, it is strange that there is no mention of this radical requirement in this and many other of our opinions discussing the general subject. For example, see *Smith* v. *Smith,* 63 Tenn. (4 Baxt.), 293; *Frear* v. *Williams,* 66 Tenn. (7 Baxt.), 550.

28 R. C. L., p. 400, paragraph 411, thus concisely states the general rule, citing supporting cases, and none *contra*:

"In a proceeding to contest the validity of a will on the ground of the insanity of the testator, the burden is upon the contestant to show the insanity affirmatively by a preponderance of the evidence."

While 68 C. J., at page 437, cites a few cases, mainly from Wisconsin, calling for more than a preponderance, however, the great weight of authority is there shown to support the general rule that a preponderance of the evidence only is necessary to establish insanity.

■ As hereinbefore indicated, the rule and practice in this State is well settled that this issue on trial of a contested will case, as in other civil cases, is to be submitted to the jury on the preponderance of the evidence with consideration of the presumption in favor of sanity. The petition for *certiorari* is denied.