**STATE of Tennessee, Appellee,**

v.

**Walter Ray DENSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 23, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, William Barry Wood, Asst. Atty. Gen., James F. Walsh, Asst. Dist. Atty. Gen., Nashville, for appellee.

Sam E. Wallace, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

Walter Ray Denson was convicted of a second offense of driving under the influence of an intoxicant in the Davidson County Court. He was sentenced to the County Workhouse for eleven months and twenty-nine days, and fined Seven Hundred Dollars ($700). He was prohibited from driving for two (2) years. All but forty-five (45) days of the sentence of imprisonment was suspended.

Defendant insists there was no evidence to support the verdict and that the evidence preponderates in favor of his innocence. He contends the indictment charges he was driving under the influence of an intoxicating liquor, while the proof shows he had only consumed beer. He argues that beer is not a liquor, and therefore he cannot be guilty of the crime charged.

An intoxicating liquor is any beverage, fermented or distilled, containing alcohol in such proportions that it will induce intoxication when imbibed. See Black's Law Dic-

tionary, 5th Edition, p. 738; 48 C.J.S., Intoxicating Liquors, Sec. 2, p. 279. The argument is without merit.

■ Defendant was also charged with leaving the scene of an accident. He argues that since the jury acquitted him of that charge all of the evidence which the arresting officer had to stop him for investigation must be discarded and, without this evidence, there was no probable cause for his warrantless arrest.

■ This issue is also without merit. The only requirement to justify an investigative stop by a police officer is reasonable suspicion, supported by specific and articulable facts. *State v. Foote*, 631 S.W.2d 470, 472 (Tenn.Cr.App.1982). In this case the evidence was that the officer observed defendant's vehicle slide partially through an intersection due to its excessive speed. As he was turning to follow defendant's truck a private citizen reported defendant had struck his vehicle and left the scene. These combined facts are sufficient to support the officer's initial pursuit and apprehension of the defendant. His testimony, based on his personal observation, together with the testimony of other witnesses who saw and described defendant's condition, is ample evidence to warrant his conviction for driving under the influence.

Defendant says the verdict was inconsistent because the jury rejected the count in the indictment charging him with leaving the scene of an accident. All of the testimony admitted at trial was competent, including the testimony regarding the purported accident, and the reason for the initial pursuit of defendant by the police officer. Consistency in verdicts in multi-count indictments is unnecessary, as each count is considered as a separate indictment. *Wiggins v. State*, 498 S.W.2d 92, 93 (Tenn.1973).

The judgment of the trial court is affirmed.

DWYER and BYERS, JJ., concur.