IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ALVIN B. TATE

**Direct Appeal from the Criminal Court for Shelby County
No. 97-10281, Arthur T. Bennett, Trial Judge**

---

**No. W1999-01224-CCA-R3-CD - Decided June 16, 2000**

---

The appellant was convicted of driving under the influence, third offense. In this direct appeal, the appellant challenges the sufficiency of the convicting evidence, the constitutionality of his initial stop by the police, and the trial court's failure to grant a mistrial resulting from opinion testimony by a police officer witness. Finding no reversible error, we affirm the judgment of conviction.

**Tenn.R.App.P. 3(b) Appeal as of Right; Judgment of the Criminal Court Affirmed**.

HAYES, J. delivered the opinion of the court, in which WELLES and GLENN, J.J., joined.

Steven E. Farese, Jr., Ashland, Mississippi, attorney for appellant, Alvin B. Tate.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Tara B. Hinkle, Assistant Attorney General, William L. Gibbons, District Attorney General, and Stephen Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Alvin B. Tate, was charged with one count of reckless driving and one count of driving under the influence, fourth offense. After a trial, a Shelby County jury returned a guilty verdict as to the offense of driving under the influence, but, found the appellant not guilty of reckless driving. Following a waiver of his right to a jury determination of enhancement as a multiple offender, the trial court found the appellant guilty of driving under the influence, third offense. The appellant was sentenced to eleven months, twenty-nine days, suspended except for nine months confinement. The following issues are presented on appeal:

I. The appellant's initial stop by the Memphis Police was unconstitutional;

II. The trial court erred in denying the appellant's motion for mistrial based upon opinion testimony provided by Officer Gaylor;

III.  The evidence is insufficient to uphold the conviction for driving under the influence, third offense.

After review of the record, we affirm the judgment of conviction entered by the trial court.

**Background**

The proceedings at trial were not recorded.  The appellant filed a "statement of the evidence" pursuant to Tenn. R. App. P. 24(c).  No objections to the "statement" were filed by the State.  The "statement" summarizes the facts as follows:

> The appellant . . . was arrested on 11/6/99 by Lt. W.C. Lowell of the Memphis Police Department. . . .
>
> The State offered the testimony of Lieutenant Lowell who testified that the Appellant pulled onto Lamar Avenue from South Prescott and that the Appellant did not yield to oncoming traffic.  The Lieutenant also stated that the Appellant was weaving in the right curb lane.  This contradicted the testimony of the Appellant who testified that he was merging onto Lamar Avenue from South Prescott and that Lieutenant Lowell abruptly pulled into the merge lane in front of the Appellant, requiring him to stop.  At that point, the Appellant testified that he pulled around the officer and that Lieutenant Lowell then initiated a traffic stop on the Appellant and requested that D.U.I. Officer respond to the scene.
>
> The State offered the testimony of Lieutenant Lowell who stated that the Appellant smelled of an intoxicating beverage and that he was unsteady on his feet and that his speech appeared to be slurred.  At some point, Officer J. N. Gaylor made the scene and requested the Appellant to take a series of Field Sobriety Tests which the Appellant refused.  A video tape of the stop was presented as an exhibit to Officer Gaylor's testimony showing the demeanor and appearance of the Appellant.  Officer Gaylor offered a breath test to the Appellant which he subsequently refused as evidence by the Implied Consent Form which was prepared and submitted to the Trial Court.
>
> During the course of the trial, Officer Gaylor was allowed, over the objection of the appellant, to give opinion testimony that the Appellant's refusal to take the test was conclusive proof of intoxication based upon his prior experiences.  Counsel for the Appellant vigorously objected and moved the Court for a mistrial which was denied.  The Appellant testified on his own behalf and denied that he was intoxicated and
>
> refuted the factual assertions made by Lieutenant Lowell regarding the near collision of the two vehicles.

Based upon this evidence, the jury found the appellant guilty of driving under the influence.

## I. Illegal Stop and Seizure

The State's proof reveals that the appellant was initially stopped by Lieutenant Lowell after Lowell observed the appellant failing to yield to oncoming traffic and weaving in the right curb lane. In his first issue, the appellant contends that Lieutenant Lowell's initial stop of the appellant constituted an unlawful seizure as the officer lacked probable cause to effectuate his detention. In sum, the appellant argues: "There was no other assertion given as to why [Lieutenant] Lowell stopped the Appellant other than for the reckless driving. It was clear from the jury's verdict [of not guilty of reckless driving] that these contentions were flatly rejected and therefore the appellant's stop and subsequent arrest were unlawful."

Initially, we note that this issue is now being raised for the first time on appeal. Indeed, no motion to suppress was filed prior to trial nor does the statement of the evidence indicate that an objection was made during the trial. The State asserts that the appellant's failure to properly raise this issue pretrial, as required by Tenn. R. Crim. P. 12(b)(3), resulted in waiver of this issue.[1] We agree. The failure to pursue a pretrial motion constitutes waiver unless good cause is shown for the failure to move for suppression in a timely manner. Tenn. R. Crim. P. 12(f); State v. Hamilton, 628 S.W.2d 742, 744 (Tenn. Crim. App.1981); State v. Zyla, 628 S.W.2d 39, 41 (Tenn. Crim. App., 1981); State v. Davidson, 606 S.W.2d 293, 295 (Tenn. Crim. App.1980). The appellant has failed to show good cause for his failure to timely raise the objection. Moreover, waiver again resulted when the appellant failed to raise this ground in his motion for new trial. Tenn. R. App. P. 3(e); see State v. Clinton, 754 S.W.2d 100, 103 (Tenn. Crim. App.1988). For these reasons, we find this issue to be procedurally defaulted.[2]

---

[1]Rule 12(b)(3) requires that motions to suppress evidence must be filed prior to trial.

[2]Notwithstanding waiver, the appellant's challenge to the officer's initial stop of the vehicle is without merit. The officer was not required to have probable cause to arrest the appellant prior to the initial stop. All that is required for an initial investigatory stop is that the officer have reasonable suspicion based on specific and articulable facts that an offense is being or is about to be committed. See State v. Yeargan, 958 S.W.2d 626 (Tenn. 1997); State v. Watkins, 827 S.W.2d 293, 294 (Tenn. 1992). In the present case, Lieutenant Lowell observed the appellant fail to yield to oncoming traffic and he observed the appellant weaving in the right curb lane. Based upon these observations and his experience as a police officer, Lieutenant Lowell was not only justified in making the initial investigatory stop of the appellant's vehicle, but was also under a duty to do so. See State v. Denson, 710 S.W.2d 524, 525 (Tenn. Crim. App. 1985). See also Tenn. Code Ann. § 40-7-103(a)(1).

## II. Motion for Mistrial

On direct examination by the State, Officer Gaylor opined that "the appellant's refusal to submit to a breath test was conclusive proof of intoxication based upon his prior experiences." Defense counsel objected and moved for a mistrial, which was denied by the trial court. The appellant disputes the trial court's ruling, arguing that Officer Gaylor's testimony regarding the refusal constitutes "improper opinion evidence in that it called for a conclusion as to an ultimate issue that the trier of fact was as competent to determine as was the witness." The appellant adds that this error was compounded by the State's reference in its closing argument to the appellant's refusal to submit to the breathalyzer test.

A mistrial should be declared in criminal cases only in the event that a manifest necessity requires such action. State v. Millbrooks, 819 S.W.2d 441 (Tenn. Crim. App. 1991). In other words, a mistrial is an appropriate remedy when a trial cannot continue, or a miscarriage of justice would result if it did. State v. McPherson, 882 S.W.2d 365, 370 (Tenn. Crim. App.1994). The decision to grant a mistrial lies within the sound discretion of the trial court and this court will not interfere with the exercise of that discretion absent clear abuse appearing on the face of the record. See State v. Hall, 976 S.W.2d 121, 147 (Tenn. 1998), cert. denied, – U.S. –, 119 S.Ct. 1501 (1999)(citing State v. Adkins, 786 S.W.2d 642, 644 (Tenn. 1990)). Moreover, the burden of establishing the necessity for mistrial lies with the party seeking it. State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996).

Again, we are without the benefit of the trial court's findings regarding the motion for mistrial. We are also without the prosecution's statements allegedly made in closing argument. Nonetheless, we find the court's refusal to grant a mistrial proper. It is well established in this state that evidence of the appellant's refusal to submit to a breathalyzer test, which would have measured the alcoholic content of the appellant's blood, was relevant and admissible on the contested issue of the appellant's intoxication. See State v. Frasier, 914 S.W.2d 467, 471 (Tenn. 1996); State v. Morgan, 692 S.W.2d 428, 430 (Tenn. Crim. App. 1985) (evidence of refusal to submit to breathalyzer test relevant and admissible as being probative of defendant's guilt); see also South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916 (1983). The trial court properly instructed the jury as to how they were to receive evidence of the appellant's refusal to submit to blood alcohol testing. See generally T.P.I. Crim. 38.04 (5th ed. 2000). Additionally, opinion testimony which embraces an ultimate issue to be decided by the trier of fact, if otherwise properly admitted, is not objectionable. See Tenn. R. Evid. 704. Thus, we are left to determine the propriety of Officer Gaylor's testimony opining that, based upon his experience, a refusal to submit to a breath test is indicative of intoxication. A proper review of this issue is hindered by the lack of a trial transcript. Specifically, we are without a verbatim recitation of the challenged testimony and, despite the appellant's assertions in his brief, the record before this court is silent as to whether Officer Gaylor was testifying as a lay witness or an expert.

Tenn. R. Evid. 701 limits opinion testimony by lay witnesses to opinions (1) based on the perception of the witness and (2) helpful to a clear understanding of the witness's testimony or the

determination of a fact in issue. Lay opinions must be based on facts in evidence, thus, those opinions that are based on facts or circumstances not in evidence must be rejected. See Overstreet v. Shoney's, Inc., 4 S.W.3d 694, 711 (Tenn. App.), perm. to appeal denied, (Tenn. 1999) (citing Pierce v. Pierce, 174 Tenn. 508, 510, 127 S.W.2d 791, 792 (1939)). Accordingly, a non-expert must ordinarily confine his testimony to a narration of facts based on first-hand knowledge and avoid stating mere personal opinions. Blackburn v. Murphy, 737 S.W.2d 529, 531 (Tenn. 1987). The purpose of this rule is "to preserve the primary fact-finding role of the jury, since '[i]t is the function of the witness to state evidentiary facts and the function of the jury to draw such conclusions as the facts warrant.' " Id.(quoting Wilson v. Nashville, Chattanooga & St. Louis Ry., 16 Tenn. App. 695, 705, 65 S.W.2d 637, 643 (1933)).

The officer's challenged testimony that a person's refusal to submit to a breathalyzer test is indicative of intoxication requires expertise. Where, in order to express the opinion, the witness must possess some experience or expertise beyond that of the average, randomly selected adult, the statement is not a lay opinion. Accordingly, as the opinion requires the particularized knowledge of the police officer, the opinion is not a lay opinion. Since it is improbable that Officer Gaylor was qualified as an expert, his opinion that a person's refusal to submit to a breath test is conclusive of a person's intoxication was error. Although the testimony was admitted in error, we cannot conclude that it affected the outcome of the appellant's case as other sufficient evidence of the appellant's intoxication existed. Tenn. R.App. P. 36(b); Tenn. R. Crim. P. 52(a). Accordingly, as any error was harmless, the trial court did not abuse its discretion in denying the appellant's motion for mistrial. This issue is without merit.


### III. Sufficiency of the Evidence

In his final issue, the appellant contends that the evidence is insufficient to support his conviction for driving under the influence, third offense. Although "the appellant does not dispute that he was driving an automobile on a public roadway," he asserts that the evidence does not show, beyond a reasonable doubt, that he was under the influence of an intoxicant. Specifically, he argues that proof of intoxication cannot be based upon the subjective observations of police officers.

To support a conviction for driving under the influence, the evidence must show, beyond a reasonable doubt, that the appellant was (1) driving or being in physical control of a motor vehicle (2) upon a public thoroughfare while (3) under the influence of an intoxicant or drug. Tenn. Code Ann. § 55-10-401(a)(1) and (2) (1998). In the present case, the appellant only challenges the finding that he was under the influence of an intoxicant at the time of his arrest. Driving under the influence, including the element of intoxication, may be proven by circumstantial evidence alone. See State v. Lawrence, 849 S.W.2d 761, 763 (Tenn. 1993); State v. Corder, 854 S.W.2d 653, 654 (Tenn. Crim. App. 1992). The degree of intoxication must be such that it impairs to any extent the driver's ability to operate a vehicle. See T.P.I. Crim. 38.01. The jury heard evidence of the appellant's erratic driving prior to the stop and that the appellant smelled of alcohol, was unsteady on his feet, and his

speech was slurred. A video tape, which is not included in the record before this court, was shown to the jury depicting the appellant's demeanor and appearance at the time of his arrest. Clearly, this evidence is proof of impaired driving. Accordingly, notwithstanding the appellant's refusal to submit to a breath test, refusal to perform field sobriety tests, and general denial of intoxication at trial, we conclude that the evidence in the record before us, viewed in the light most favorable to the State, amply supports the appellant's conviction for driving under the influence, third offense. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); Tenn. R.App. P. 13(e). This issue is without merit.

The judgment of conviction is affirmed.